```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ALLEN LOMAX | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS CORBETT, Attorney | : | |
| General for the Commonwealth | : | |
| of Penna., et al. | : | NO. 07-cv-04012-JF |

MEMORANDUM AND ORDER

Fullam, Sr. J.                                              October 3, 2007

    Petitioner, Allen Lomax, is a state prisoner, confined at the Correctional Institution at Dallas, Pennsylvania. He is serving sentences which include life imprisonment. In 1994, he unsuccessfully sought *habeas corpus* relief pursuant to 28 U.S.C. § 2254 (C.A. No. 92-4051).

    On September 25, 2007, petitioner filed a "Petition for Writ of *Habeas Corpus* Under 28 U.S.C. § 2241." In this document, petitioner asserts (at great length and in remarkable detail) that when the Commonwealth of Pennsylvania adopted its constitution, and when that constitution was re-established in 1968, the framers violated the United States Constitution and failed to preserve existing statutes. According to petitioner, this means that all criminal statutes and other laws purportedly in effect in Pennsylvania are invalid. As a result, the courts which imposed the petitioner's various sentences had no subject-matter jurisdiction, and his sentences are totally void.

Obviously, in seeking release from custody, petitioner is seeking relief which can only be granted pursuant to 28 U.S.C. § 2254. To the extent that he purports to be pursuing relief under 28 U.S.C. § 2241, the petition must be dismissed. Equally obviously, considered as an application under § 2254, the petition must be dismissed as a "second or successive" petition, which petitioner cannot pursue without first obtaining permission from the Court of Appeals. And, given the frivolous nature of petitioner's assertions, it seems reasonably apparent that further pursuit of this case by petitioner would be a waste of time and of judicial resources.

In these circumstances, I deem it appropriate (1) to deny Petitioner's Application for Leave to Proceed *in Forma Pauperis*; (2) to dismiss the 28 U.S.C. § 2241 petition without prejudice; (3) to notify petitioner that, if he wishes to incur the expense of filing and processing a § 2254 petition, he will need to obtain permission from the Court of Appeals for the Third Circuit.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN LOMAX | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS CORBETT, Attorney | : | |
| General for the Commonwealth | : | |
| of Penna., et al. | : | NO. 07-cv-04012-JF |

ORDER

AND NOW, this 3rd day of October 2007, upon consideration of the petition of Allen Lomax for *habeas corpus* relief, IT IS ORDERED:

1. This petition, allegedly filed pursuant to 28 U.S.C. § 2241, is DISMISSED without prejudice to petitioner's right to seek relief under 28 U.S.C. § 2254.

2. Petitioner's Application for Leave to Proceed *in Forma Pauperis* is DENIED, because all of petitioner's assertions are legally frivolous.

3. If petitioner wishes to seek *habeas corpus* relief under 28 U.S.C. § 2254, he will be required (a) to pay the filing fee and, if he loses, court costs; and (b) first obtain permission from the United States Court of Appeals for the Third Circuit.

4. Unless, within 90 days, petitioner notifies this Court that he wishes his petition to be treated as having been filed pursuant to 28 U.S.C. § 2254, and seeks permission from the

Third Circuit Court of Appeals to proceed with this case, the Clerk is directed to close the file administratively.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.